UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

    Robert Todd Houle,                      Bankruptcy Case No. 25-20223-PRW
                                                          Chapter 7

                Debtor.

---

**DECISION AND ORDER
DISMISSING CHAPTER 7 CASE FOR CAUSE
AND ENJOINING THE DEBTOR FROM
FILING A BANKRUPTCY CASE UNDER ANY
CHAPTER FOR A PERIOD OF 2 YEARS,
WITHOUT OBTAINING THE PRIOR
APPROVAL OF THIS COURT ON MOTION
WITH NOTICE TO ALL CREDITORS AND
PARTIES-IN-INTEREST,
WHICH 2-YEAR FILING INJUNCTION
IS *IN REM* AND RUNS WITH THE LAND LOCATED AT
1108 CHEESE FACTORY ROAD, TOWN OF MENDON,
COUNTY OF MONROE, STATE OF NEW YORK 14472**

PAUL R. WARREN, U.S.B.J.

      Robert Todd Houle commenced this case, *pro se*, under Chapter 13. (ECF No. 1). The Chapter 13 Trustee quickly moved to dismiss the case because Mr. Houle failed to file a Chapter 13 plan. (ECF No. 21). At the hearing, the Court discussed with the Trustee whether the best interest of creditors would be better served by conversion to Chapter 7, given both the fact that there was no automatic stay (by operation of 11 U.S.C. § 362(c)(3)(A)) and the strong likelihood that Mr. Houle would simply file a new case should the Court grant dismissal.[1] The Court

---

[1]     As will be discussed, Mr. Houle is an admitted "serial filer." (*See, e.g.,* ECF No. 57 ¶ 20; ECF No. 65 at 3). In fact, Mr. Houle is the single most prolific serial filer this Court has encountered. In addition to his history of filings in this Court, Mr. Houle is actively involved in litigation in the New York State Courts (*Houle v. Wells Fargo*, Case No. I2025000537 (Sup. Ct.

determined, as required by § 1307(c) of the Code, that the best interest of creditors would be served by conversion, and the case was converted to Chapter 7. (ECF No. 36). The United States Trustee ("UST") has now moved to dismiss this case because of Mr. Houle's failure to provide identification and be examined under oath, as required by § 343 of the Code. (ECF No. 66). And, in an effort to put a temporary stop to Mr. Houle's campaign as an abusive serial filer, the UST also requests that the Court prohibit Mr. Houle from filing a bankruptcy petition for a period of one year. (*Id*. at 6).

For the reasons that follow, the motion of the UST is **GRANTED**. This case is **DISMISSED** for cause under § 707(a) of the Code. However, considering Mr. Houle's history of abusing the bankruptcy system to wage his private war against Wells Fargo, the Court is firmly convinced that a one-year bar to filing another bankruptcy petition is not enough to stop Mr. Houle's abuse of the bankruptcy system. In the exercise of its discretion, under § 105(a) and § 349(a) of the Code, **the Court ENJOINS Mr. Houle from filing a bankruptcy petition for TWO YEARS from the entry of this Order, without obtaining the prior permission of this Court. This 2-year filing injunction is *in rem* and runs with the land located at 1108 Cheese Factory Road, Town of Mendon, New York 14472 ("the Property"), to prevent Mr. Houle from avoiding this injunction by transferring title to the Property to any entity, corporation, or person.** Any bankruptcy petition filed during the pendency of this two-year filing injunction, purporting to affect the Property located at 1108 Cheese Factory Road, Town of Mendon, New

---

Monroe Cnty. N.Y. filed Apr. 10, 2025); *Wells Fargo Bank NA v. Houle*, Case No. I2008012050 (Sup. Ct. Monroe Cnty. N.Y. filed Aug. 26, 2008)) and the District Court for the Western District of New York (*Houle v. Wells Fargo Bank NA*, Case No. 6:25-cv-06053-FPG (W.D.N.Y. filed Jan. 24, 2025)), seeking identical relief: the cancellation of a mortgage held by Wells Fargo on his home located in Mendon, New York, by advancing a conspiracy theory-type legal argument that has been repeatedly and soundly rejected by the Second Circuit.

2

York, will not receive the benefit of the automatic stay, under § 362(d)(4)(B) of the Code, unless this Court orders otherwise.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

# II.

# FACTS

On April 29, 2004, Mr. Houle borrowed $119,500.00 and executed a promissory note to Aegis Lending Corporation. *See Wells Fargo Bank NA v. Houle*, Case No. I2008012050, Doc. No. 9 ¶ 3 (Sup. Ct. Monroe Cnty. N.Y. Oct. 4, 2022). The note was secured by a mortgage on the Property located at 1108 Cheese Factory Road, Town of Mendon, New York. *Id*. at Doc. No. 9 ¶ 4; Doc. No. 11. Mr. Houle defaulted on payment under the note by failing to make payment of the installment due November 1, 2007. *Id*. at Doc. 13 at 4. A foreclosure action was commenced on August 26, 2008. *Id*. at Doc. 1. Despite the passage of 17 years, the Property has not been sold at foreclosure. Mr. Houle continues to reside at the Property, while not paying a dime on the mortgage obligation. Consequently, the original debt of $119,500 has ballooned to $349,143.16—

3

nearly three times the original amount borrowed by Mr. Houle.[2] (Case No. 24-20299, Claims Register, Claim No. 6).

How is it possible for Mr. Houle to have avoided the foreclosure of his ownership interest in the Property for over 17 years? The answer lies in Mr. Houle's tactical use of the automatic stay that springs to life with the filing of every bankruptcy petition, by operation of 11 U.S.C. § 362(a). This chart shows the bankruptcy cases filed by Mr. Houle (either individually or in the name of a corporation controlled by Mr. Houle) since 2008, listing 1108 Cheese Factory Road as an asset of the estate:

| Case Number | Date Filed | Date Dismissed |
|---|---|---|
| 08-20330 | February 15, 2008 | March 27, 2008 |
| 08-21155 | May 12, 2008 | June 26, 2008 |
| 10-20258 | February 12, 2010 | March 1, 2010 |
| 18-20995 | September 25, 2018 | January 6, 2020 |
| 23-20578 | November 14, 2023 | February 1, 2024 |
| 24-20229 | May 26, 2024 | October 24, 2024 |
| 25-20223 | March 1, 2025 | Pending |

Each case filed by Mr. Houle was carefully timed to stop a scheduled foreclosure sale of the Property (or some other real estate in which Mr. Houle has an interest). In this case, Mr. Houle repeatedly points to his *pro se* status to evoke the Court's sympathy—claiming to be a "vulnerable

---

[2] The tremendous amount of litigation in the State Court foreclosure action between 2008 and 2025 is recounted in detail in a filing by Wells Fargo in connection with its motion to dismiss a complaint filed by Mr. Houle against Wells Fargo on March 3, 2025. *See Houle v. Wells Fargo*, Case No. I2025000537, Doc. No. 6 (Sup. Ct. Monroe Cnty. N.Y. filed Mar. 3, 2025).

pro se debtor trying to fulfill debt obligations and simply need assistance." (ECF No. 57 ¶ 9). But, the facts demonstrate that Mr. Houle's portrayal of himself as a "vulnerable pro se debtor" rings as remarkably insincere as the claims of wide-eyed innocence and naivete often uttered by Eddie Haskell.[3]

A perfect example of Mr. Houle being the antithesis of a "vulnerable pro se debtor" occurred earlier this year. On January 29, 2025, Mr. Houle transferred title to the Property at 1108 Cheese Factory Road to "Auburn Petroleum, LLC," by a deed recorded in the Monroe County Clerk's Office at Book of Deeds 13058, Page 0244. Auburn Petroleum is a corporation in which Mr. Houle is the sole shareholder and, for all intents and purposes, is Mr. Houle's alter ego. The next day, Mr. Houle caused Auburn Petroleum to file a Chapter 11 case in the Bankruptcy Court for the Northern District of New York. (*See Auburn Petroleum, LLC*, Case No. 25-30065-5-wak (Bankr. N.D.N.Y. filed Jan. 30, 2025).[4] Judge Kinsella dismissed the Auburn Petroleum petition on February 19, 2025. (*Id*. at ECF No. 24). And, predictably, on March 13, 2025, Mr. Houle then caused Auburn Petroleum to transfer title to 1108 Cheese Factory Road back to Mr. Houle, individually, by a deed recorded in the Monroe County Clerk's Office at Book of Deeds 13074, Page 0032. Mr. Houle then filed this case on March 31, 2025.[5]

---

[3] Eddie Haskell was a character on "Leave it to Beaver," a television sitcom that aired from 1957 to 1963. Eddie described himself as mischievous and feigned politeness to adults, while mocking them when their backs were turned.

[4] The obvious strategy by Mr. Houle, to protect the Property from foreclosure by filing with the Bankruptcy Court in another district, is not the type of calculated manipulation of the bankruptcy system one would expect from a "vulnerable pro se debtor." Keep reading. It gets better.

[5] By operation of § 362(c)(3)(B), the automatic stay expired 30 days after this case was filed. Mr. Houle sought an extension of the stay after those 30 days had passed. The Court denied Mr. Houle's late-filed request. (ECF No. 36).

5

Mr. Houle's use of the automatic stay to stop foreclosure actions was not limited to his efforts to protect 1108 Cheese Factory Road. He caused a number of Chapter 11 petitions to be filed by corporations that he owned and controlled, to protect other real estate holdings from foreclosure for unpaid taxes, as depicted in the chart that follows:[6]

| Case Number | Debtor | Dated File | Date Dismissed |
| --- | --- | --- | --- |
| 08-20132 | Houle Property Group LLC | January 21, 2008 | March 27, 2008 |
| 08-21017 | Houle Property Group LLC | April 28, 2008 | June 26, 2008 |
| 09-21092 | Keuka Capital Inc. | April 28, 2009 | August 12, 2009 |

Each case filed by Mr. Houle was dismissed shortly after filing, a result that surely did not distress Mr. Houle. After all, he got what he wanted—to derail a pending foreclosure by the calculated use of the automatic stay, forcing the creditor to go through procedural hoops that would necessarily delay a foreclosure sale.

The UST has moved to dismiss this case for cause, under § 707(a), because of Mr. Houle's failure to cooperate with the Chapter 7 trustee in conducting the § 341 meeting of creditors. (ECF No. 66). But this time, the UST asks for more than mere dismissal. The UST asks the Court to bar Mr. Houle from filing any further bankruptcy cases for a period of 1 year.[7]

---

[6] The chart is not inclusive of cases filed for the same purpose in the Bankruptcy Court in the Northern District of New York.

[7] The UST requests that the dismissal be "with prejudice." This Court has previously explained the substantive difference between a dismissal "with prejudice" and a dismissal coupled with a filing injunction. *See In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80, at *14-16 (Bankr. W.D.N.Y. Jan. 10, 2020). The Court will treat the UST's request as one seeking a filing injunction.

## III.

## DISCUSSION

### A. Cause Exists to Dismiss this Case

The power to dismiss a Chapter 7 case derives principally from § 707(a) of the Code.[8] Congress provided the bankruptcy courts with a non-exclusive list of "cause" for dismissal. Under § 707(a):

> (a) The court may dismiss a case under [Chapter 7] only after notice and a hearing and only for cause, including—
>   (1) unreasonable delay by the debtor that is prejudicial to creditors;
>   (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>   (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a)(1)-(3).

A party moving for dismissal under § 707(a) bears the burden of proving cause by a preponderance of the evidence. *In re Elkins*, Case No. 25-20065 (JJT), 2025 Bankr. LEXIS 550, at *4 (Bankr. D. Conn. Mar. 7, 2025); *In re Jacobs*, Case No. 17-21007-PRW, 2018 Bankr. LEXIS 261, at *5 (Bankr. W.D.N.Y. Feb. 1, 2018). "[T]he determination of whether [such] cause exists is 'committed to the sound discretion of the bankruptcy court.'" *In re Elkins*, Case No. 25-20065 (JJT), 2025 Bankr. LEXIS 550, at *4 (quoting *In re Murray*, 900 F.3d 53, 58 (2d. Cir. 2018) (internal citation omitted)); *In re Jacobs*, Case No. 17-21007-PRW, 2018 Bankr. LEXIS 261, at

---

[8] The Court acknowledges that Mr. Houle initially filed this case under Chapter 13. (ECF No. 1). Notwithstanding the Court's conversion of the case from Chapter 13 to Chapter 7, the Court notes that the analysis would be remarkably similar if the case had remained in Chapter 13, as § 1307(c)(1) of the Code also provides a non-exclusive list of cause to dismiss (or convert)—allowing for significant overlap under both statutory provisions.

*5. "Cause is a fact-specific inquiry as to which a variety of factors may be relevant, including the purpose for which the petition was filed, and whether state proceedings protect the parties' interests." *In re Elkins*, Case No. 25-20065 (JJT), 2025 Bankr. LEXIS 550, at *4 (quoting *In re Murray*, 900 F.3d at 60). "While there is no *per se* prohibition against serial filings of petitions in bankruptcy, a finding of fact by the bankruptcy court that a debtor is acting in bad faith—by making serial bankruptcy filings solely to thwart a mortgagee from exercising its legitimate contractual and state law foreclosure remedies—is 'cause' to dismiss a bankruptcy case." *In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80, at *7 (Bankr. W.D.N.Y. Jan. 10, 2020) (quoting *In re Casse*, 198 F.3d 327, 332-33 (2d Cir. 1999) (affirming the Bankruptcy Court's finding that the Debtor acted in bad faith based upon the chronology of scheduled property foreclosures and bankruptcy filings)).

There are ample reasons supporting dismissal "for cause" here. Mr. Houle repeatedly failed to fulfill his obligation to "submit to examination under oath at the meeting of creditors," as required by § 343 of the Code. Rule 4002(b)(1) of the Federal Rules of Bankruptcy Procedure requires that "[e]very individual debtor shall bring to the meeting of creditors . . . a picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity." Mr. Houle "appeared but failed to provide any identification or other necessary documentation" on three separate occasions. (ECF No. 66 ¶¶ 9-12). Upon conversion of this case to Chapter 7, the first Meeting of Creditors was scheduled for June 10, 2025. (ECF No. 37). Mr. Houle appeared, but failed to provide any identification. (ECF No. 66 ¶ 9). As a result, the Meeting was adjourned to June 24, 2025. (ECF No. 60). Mr. Houle failed to provide identification on that date as well, resulting in another adjournment—to July 8, 2025. (ECF Nos. 63; 66 ¶ 10). Mr. Houle appeared on July 8, 2025. (ECF No. 64). Mr. Houle once

8

again failed to provide identification. (ECF No. 66 ¶ 12). Mr. Houle has not disputed the allegations made by the UST. Instead, he provides a litany of excuses, including—difficulty obtaining counsel; difficulty understanding legal terminology as a *pro se* litigant; and problems with a home printer/scanner. (ECF No. 76). This "unreasonable delay" alone is a basis for the Court to find cause to dismiss under 11 U.S.C. § 707(a)(1). However, the Court would be remiss if it did not address Mr. Houle's longstanding history of tactical and calculated bankruptcy filings, as independent grounds to find cause to dismiss under § 707(a).

In light of Mr. Houle's history of bankruptcy filings, followed by uncontested dismissals shortly after filing, it is impossible to view this case as anything other than another tactical and calculated attempt by Mr. Houle to manipulate the automatic stay solely as a weapon to thwart and derail Wells Fargo's State Court mortgage foreclosure efforts. Mr. Houle's bankruptcy cases were all filed on the eve of mortgage or tax foreclosure sales. He has transferred title to 1108 Cheese Factory Road to entities solely owned and controlled by him, and then filed bankruptcy cases in the name of those entities. He has then transferred title back to himself, upon the dismissal of the petition. And, Mr. Houle employs the same manipulation over and over and over again. The pattern of tactical use of the automatic stay without any intention to prosecute a bankruptcy case to its conclusion demonstrates bad faith, and therefore, the Court finds that cause exists to dismiss under § 707(a).

The UST's motion to **DISMISS** is **GRANTED**.

## B. A 2-Year Injunction Barring the Filing of a Bankruptcy Petition is Appropriate

Pointing to Mr. Houle's filing of "six prior bankruptcy cases in this Court since 2008," the UST asks the Court to bar Mr. Houle from filing any further bankruptcy cases for a period of one year. (ECF No. 66 ¶¶ 26-29).

9

As this Court previously observed:

> It is well-settled in the Second Circuit that the bankruptcy court is empowered to enjoin a debtor from future filings under 11 U.S.C. § 105(a) and § 349(a). The second clause of § 349(a) permits the Court to order that a dismissal is "with prejudice" to the filing of a subsequent petition by a debtor. *In re Casse*, 198 F.3d at 334-41. "To bar future filings, an order of dismissal must be with prejudice; and bankruptcy courts look to §§ 105(a) and 349(a) for their authority to impose that sanction." *Id.* at 335 [(internal quotation marks omitted)]. The Second Circuit has held that the 180-day bar to subsequent filings under § 109(g) of the Code "does not impose a temporal limitation upon [§ 105(a) and § 349(a)]." *Id.* at 339.

*In re Kearns*, 616 B.R. 458, 470 (Bankr. W.D.N.Y. 2020) (quoting *In re Meltzer*, Case No. 19-21110-PRW, 2020 Bankr. LEXIS 80, at *9-10).

Here, the Court finds that Mr. Houle is acting and has acted in bad faith and is abusing the bankruptcy system. The multiple bankruptcy petitions filed by Mr. Houle since 2008 have been filed solely to utilize the automatic stay to prevent a secured creditor from foreclosing its lien on 1108 Cheese Factory Road or some other real property in which Mr. Houle has an interest. The abuse of the bankruptcy system by Mr. Houle is cause for this Court to enjoin and bar Mr. Houle from filing a bankruptcy petition in the future. But how long should Mr. Houle be enjoined from filing another bankruptcy petition?

The UST requests that Mr. Houle be barred from filing a petition in bankruptcy for 1 year. The Second Circuit has endorsed the imposition of a temporary bar to filing of a bankruptcy petition, if imposed for a sufficient period of time to enable a mortgagee an opportunity to complete a foreclosure against a debtor's property. *In re Casse*, 198 F.3d at 333 n.4. The imposition of a 1-year injunction prohibiting Mr. Houle from filing a bankruptcy petition, as requested by the UST, is a step in the right direction, but is likely too short in duration to have its intended effect.

Here, Mr. Houle has demonstrated a clear and persistent practice of filing for bankruptcy protection to frustrate Wells Fargo in its efforts to foreclose its mortgage on the Property. Each

petition has had its intended effect—the Wells Fargo foreclosure sale was stopped in its tracks. Wells Fargo has already been granted a judgment of foreclosure and sale, so Wells Fargo need only be protected from interference by Mr. Houle for enough time to complete the foreclosure sale and post-foreclosure sale process. The docket in the State Court foreclosure action demonstrates that Mr. Houle's shenanigans typically result in a 2-year delay in that action. So, a 1-year filing injunction will not allow the State Court to complete its work without interference. In an effort to protect the integrity of the bankruptcy system from further abuse, and to provide Wells Fargo with a reasonable opportunity to complete its foreclosure action without interference, the Court exercises its discretion, under 11 U.S.C. § 105(a) and § 349(a), and **ENJOINS Mr. Houle from filing a bankruptcy petition for a period of 2 YEARS from entry of this Order**. The Clerk of Court is directed to reject any petition tendered by Mr. Houle in violation of this Order. The UST's motion for a filing injunction is **GRANTED**, as expanded by this decision.

And, the Court deems it necessary to go a step or two further. First, to ensure that Mr. Houle cannot end-run this filing injunction by transferring the Property to a third-party who then files a bankruptcy petition (a move he has pulled in the recent past), **the Court further exercises its discretion under § 105(a) of the Code and ORDERS that the 2-year filing injunction extends to and includes any entity (as defined in § 101(15) of the Code), insider (as defined in § 101(31) of the Code), or person (as defined in § 101(41) of the Code) claiming any interest in the real property located at 1108 Cheese Factory Road, Town of Mendon, New York**. Second, the Court finds that the filing of multiple bankruptcy petitions by Mr. Houle was part of a scheme to delay and hinder Wells Fargo from foreclosing its mortgage against the Property, justifying the imposition of an *in rem* injunction. **Under 11 U.S.C. § 362(d)(4)(B), it is ORDERED that the automatic stay under § 362(a)** *will not* **be in effect as to any other**

**bankruptcy petition, filed within 2 years of this Order, purporting to affect the property located at 1108 Cheese Factory Road, Town of Mendon, New York.**

Should Mr. Houle or any debtor claiming an interest in the Property wish to seek relief from the filing injunction and *in rem* relief imposed by this Order, that party must move for relief in this Court. The movant must serve all affected creditors and the UST with not less than 21-days' notice of such a motion, *with personal service to be made on counsel to Wells Fargo appearing in the mortgage foreclosure action and on the UST*. The Clerk of Court is directed to docket any such motion as a "Miscellaneous Proceeding," with a case caption identifying the movant as John/Jane Doe (or other fictitious name selected by the Clerk) to ensure that creditors are not misled in thinking that the automatic stay applies, unless and until this Court specifically orders otherwise. The filing fee for such a motion must be paid in full upon presentation of such motion, in an amount equal to the filing fee applicable at that time.

## C. Mr. Houle's Demand that the Mortgage and Note Be Cancelled Because of Irregularities with the Assignments Is Without Any Legal Support Under Second Circuit Precedent, and Is Barred by *Res Judicata*

It is beyond cavil that each of the 8 bankruptcy petitions filed by Mr. Houle, listing 1108 Cheese Factory Road as an asset of the estate, was filed for the purpose of preventing a scheduled foreclosure sale of the Property by operation of the automatic stay. The fact that the foreclosure action has been pending for over 17 years is a testament to the fact that the automatic stay can operate as a monkey wrench, thrown into the gears of a state court foreclosure action, when wielded by a determined serial filer. Unless this Court removes the monkey wrench from Mr. Houle's toolbox, abuse of the bankruptcy system will continue to hamstring the State Court from seeing the foreclosure action to its conclusion—the sale of 1108 Cheese Factory Road. And, in addition to the task of lightening Mr. Houle's toolbox by the imposition of a filing injunction, the

Court will address—and dispose of—Mr. Houle's decades' long crusade to have the mortgage lien on the Property "cancelled" because of alleged irregularities in the chain of mortgage assignments.

This case was originally filed by Mr. Houle under Chapter 13. The Court entered an Order converting the case to Chapter 7. (ECF No. 36). And, since that time, Mr. Houle has bombarded the Court with a series of filings, styled as "motions," all of which were procedurally improper so they were not scheduled for a hearing. (ECF Nos. 40, 53, 54, 57, 65, 69). Because the assertions made by Mr. Houle are identical to those made before the State Court in the foreclosure action[9] and before the District Court, this Court will address Mr. Houle's demands for relief. *See Wells Fargo Bank NA v. Houle*, Case No. I2008012050 (Sup. Ct. Monroe Cnty. N.Y. filed Aug. 26, 2008); *see also Houle v. Wells Fargo Bank NA*, Case No. 6:23-cv-06053-FPG (W.D.N.Y. filed Jan. 24, 2025); *Houle v. Wells Fargo, NA*, Case No. 6:25-cv-06634-FPG (W.D.N.Y. filed Nov. 6, 2023).

Mr. Houle's main claims are that: (1) Wells Fargo is not the holder of the note and mortgage on the Property, and the mortgage should be cancelled, because an assignment of the mortgage was signed by Leticia Arias, an alleged robo-signer, and (2) by filing a proof of claim that included the allegedly robo-signed or forged assignment, Wells Fargo violated Title 18 of the United States Code. Mr. Houle's first claim has been pressed by him in the State Court, the District Court, and this Court. Mr. Houle's second claim has been pressed by him in the District Court and in this Court. *See Houle v. Wells Fargo Bank NA*, Case No. 6:23-cv-06053-FPG at ECF No. 4.

---

[9] The assertions are also identical to those made by Mr. Houle in an action he commenced in the State Court, in which he sued Wells Fargo. A motion to dismiss that action is under submission. *Houle v. Wells Fargo*, Case No. I2025000537 (Sup. Ct. Monroe Cnty. N.Y. filed Apr. 10, 2025).

13

Turning to Mr. Houle's first claim, that the mortgage on 1108 Cheese Factory Road should be cancelled because of defects in the chain of assignments—described by Mr. Houle as robo-signing and forgery—this claim fails as a matter of law because Mr. Houle lacks both constitutional and prudential standing to challenge the validity of the assignments under Second Circuit precedent. In addition, Mr. Houle's attempts to litigate the validity of the assignments before this Court are barred by the doctrine of *res judicata*.

1. **Mr. Houle Lacks Constitutional and Prudential Standing to Challenge the Mortgage Assignments**

In response to the housing crisis that followed the financial crisis of 2008, mortgagors facing foreclosure began arguing that the mortgage burdening their property should be cancelled because assignments of the mortgage had been robo-signed or forged. The issue reached the Second Circuit in 2013, where the Circuit emphatically held that mortgagors lack both constitutional and prudential standing to challenge the validity of a mortgage assignment. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79 (2d Cir. 2014). The Circuit has followed *Rajamin* in squarely rejecting subsequent attempts by mortgagors to avoid foreclosure by claiming that alleged defects in the mortgage assignments, including alleged forgery, should render the mortgage void. *Redmond v. Bank of N.Y. Mellon Corp.*, 697 F. App'x 23, 26 (2d Cir. 2017) ("it is insufficient, for constitutional standing purposes, for a plaintiff to allege merely that the *wrong party* foreclosed on him or her"); *Obal v. Deutsche Bank Nat'l Trust Co.*, 670 F. App'x 10 (2d Cir. 2016).

Most recently, the Second Circuit again followed *Rajamin* in rejecting an attempt by mortgagors to have their mortgage to Wells Fargo declared void because of allegedly fraudulent mortgage assignments. *Levin v. American Doc. Servs., LLC*, 828 F. App'x 788 (2d Cir. 2020). In rejecting the mortgagors' attempt to avoid their mortgage obligation, the Circuit held:

14

> Relying on nonbinding and inapposite caselaw, the [mortgagors] counter that they have prudential standing to challenge void assignments and that the assignments here are void because of allegedly fraudulent and unauthorized signatures affixed to the documents. This argument fails because, under New York law, an unauthorized signature on a negotiable instrument such as a mortgage may be ratified, meaning the allegedly unauthorized assignments were voidable, not void. *See* N.Y. U.C.C. § 3-404(2), cmt. 1 (McKinney) (unauthorized signature on negotiable instrument—including by forgery or by agent exceeding his authority—may be ratified). Therefore, the [mortgagors] do not have standing to seek declaratory relief on the basis of their challenge to the assignments of their mortgage.

*Id.* at 792.

Under well-settled Second Circuit precedent, Mr. Houle does not have constitutional or prudential standing to challenge the allegedly forged mortgage assignments in this Court or any other court applying New York law. The so-called "motions" filed by Mr. Houle (ECF Nos. 40, 53, 54, 57, 65, 69) are **DENIED** on the merits.

### 2. **Mr. Houle's Attempt to Re-litigate the Validity of the Mortgage Assignments is Barred by the Doctrine of *Res Judicata***

In the long-in-the-tooth State Court foreclosure action, Mr. Houle sought to vacate the Judgment of Foreclosure, arguing that the allegedly forged and robo-signed mortgage assignments deprived Wells Fargo of standing to initiate a foreclosure action. *See Wells Fargo Bank NA v. Houle*, Case No. I2008012050, Doc. Nos. 6, 7 (Sup. Ct. Monroe Cnty. N.Y. May 2, 2022). In denying Mr. Houle's motion, the State Court held:

> Houle previously raised the issue of standing and robosigning in a prior order to show cause dated May 31, 2017 which was rejected by the court. (*see* NYSCEF dtk 24 motion/otsc; dkt 25 decision dated september 10, 2018). The decision was not appealed nor was the judgment of foreclosure and sale which was signed on June 12, 2018 [NYSCEF dtk 27]). The prior orders constitute the law of the case which provides that when a party has a full and fair opportunity to litigate an issue, a determination by a court of co-ordinate jurisdiction can not be re-litigated expect in extraordinary circumstances such as new evidence or a change in the law.

*Id.* at Doc. No. 54 at 4 (citation omitted).

The State Court went on to observe that "Houle claims that the new evidence was discovered through a book he purchased in 2019 titled the Chain of Title which alerted him to the massive fraud regarding foreclosures." *Id.* at Doc. No. 54 at 5. The State Court rejected Mr. Houle's "new evidence" claim. The State Court has twice rejected Mr. Houle's claims that the mortgage assignments were forged, in declining to vacate the judgment of foreclosure. Mr. Houle's attempts to drag his time-worn claims of fraud and forgery before this Court are barred by the doctrine of *res judicata*. Mr. Houle's claims are identical to those put to, and flatly rejected by, the State Court. In an attempt to avoid the preclusive effect of the State Court judgment, Mr. Houle points to a proof of claim filed by Wells Fargo in his 2018 bankruptcy case, attached to which are allegedly forged mortgage assignments, as grounds for Mr. Houle to seek relief under Title 18 of the United States Code.

Mr. Houle has commenced two civil actions before the District Court for the Western District of New York, seeking to enjoin Wells Fargo from foreclosing on 1108 Cheese Factory Road, arguing that the mortgage assignments were forged and fraudulent. *Houle v. Wells Fargo Bank NA*, Case No. 6:25-cv-06634-FPG (W.D.N.Y. filed Jan. 24, 2025); *Houle v. Wells Fargo, NA*, Case No. 6:23-cv-06053-FPG (W.D.N.Y. filed Nov. 6, 2023). As with the *res judicata* effect of the State Court rulings, here the District Court has ruled that: (1) no private right of action exists under Title 18 (*Houle v. Wells Fargo, NA*, Case No. 6:23-cv-06053-FPG, at ECF No. 8); and (2) Houle's assertion that the mortgage assignment was the product of fraud or forgery, rendering the assignment invalid, has been squarely rejected by courts—pointing to decisions "reject[ing] the notion that an assignment can be invalidated by the signature of an alleged 'robo signer.'" *Houle v. Wells Fargo Bank NA*, Case No. 6:25-cv-06634-FPG, at ECF No. 2 at 3. Mr.

Houle is attempting to litigate those same issues before this Court. (ECF Nos. 65, 69). The prior holdings of the District Court preclude Mr. Houle from re-litigating those issues in this Court, by operation of the *res judicata* doctrine.

To the extent that Mr. Houle's recent filings (ECF Nos. 65, 69) could be read as a motion requesting that this Court take up Mr. Houle's robo-signing campaign, the Court flatly **DENIES** Mr. Houle's entreaties, **with prejudice and on the merits**. There is not a shred of Second Circuit precedent that even marginally supports Mr. Houle's claims. Quite the opposite, in fact. And, Mr. Houle's repeated use of the automatic stay as a weapon to derail the State Court foreclosure action must and (by this decision) will stop for a sufficient period of time to enable the State Court to see the foreclosure action to its conclusion.

## IV.

## CONCLUSION

The motion of the Trustee is **GRANTED**. This case is **DISMISSED** for cause, under 11 U.S.C. § 707(a) and § 105(a), as a bad faith filing made solely to hinder and delay a secured creditor from exercising its legitimate contractual and state law foreclosure remedies.

In the exercise of the Court's discretion, **Mr. Houle is ENJOINED from filing a bankruptcy petition for a period of 2 years from the date of entry of this Order, under 11 U.S.C. §§ 105(a) and 349(a). The filing injunction is *in rem* and runs with the land located at 1108 Cheese Factory Road, Town of Mendon, New York, to prevent Mr. Houle from avoiding the filing injunction by transferring the property to any entity, insider or person. Any bankruptcy case filed during the pendency of this 2-year filing injunction, purporting to affect the 1108 Cheese Factory Road, will not receive the benefit of the automatic stay as**

**to 1108 Cheese Factory Road, Town of Mendon, New York, under 11 U.S.C. § 362(d)(4)(B), unless and until this Court orders otherwise.** The Clerk of Court is directed to **REJECT** any bankruptcy petition presented by or on behalf of Mr. Houle in violation of this Order. Any motion seeking relief from this Order is to be docketed as a miscellaneous proceeding, with the name of the movant in the case caption to be identified fictitiously. The Court encourages counsel to Wells Fargo to file a certified copy of this Order with the Monroe County Clerk in the real estate records of liens affecting the Property.

**IT IS SO ORDERED.**

DATED: August 21, 2025 _____/s/_____
  Rochester, New York     HON. PAUL R. WARREN
                          United States Bankruptcy Judge